CLOSED
JAN 0 6 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJETRO DUSHAJ,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.

Case No. 04-71843

DISTRICT JUDGE
ARTHUR J. TARNOW

FILED
JAN 0 6 2005
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [11]

On June 10, 2004, the plaintiff filed a complaint for mandamus [3] in which he requested the Court to either naturalize him or direct the Bureau of Citizenship and Immigration Services (CIS) to naturalize him *nunc pro tunc* based on its failure to take final action on his naturalization application. On September 16, 2004, the plaintiff filed a brief in support of his complaint with the assistance of *pro bono* counsel [8]. Before the Court is the defendant's motion to dismiss [11]. For the reasons that follow, the defendant's motion to dismiss is GRANTED.

8 U.S.C. § 1447(b) does not give this Court subject matter jurisdiction over the plaintiff's complaint. Although this statute allows applicants to file a complaint in district court after 120 days of administrative inaction as to an *initial* application for naturalization, it does not allow applicants to file complaints in

Dushaj v. DHS, et al.
Case No. 04-71843

cases such as this one, where the delay occurred between approval of the plaintiff's application and the scheduling of a swearing in ceremony.

The district courts have jurisdiction over mandamus actions under 28 U.S.C. § 1361. This statute does not provide an independent basis for jurisdiction. Because the Court lacks jurisdiction over the plaintiff's complaint, it does not have subject matter jurisdiction to consider his request for mandamus relief.

On October 13, 2004, the defendants filed the declaration testimony of William DeFluri [10], which states that the defendants initiated formal naturalization proceedings for the plaintiff in July of 2000 following the approval of his application. The defendants suspended these proceedings at some time between August and October of 2000 upon receiving information that the plaintiff was under investigation by federal agents in New York for suspected involvement in alien smuggling. Thus, even if the Court were convinced that there is an equitable exception to the foregoing jurisdictional rules, it appears that the defendants processed the plaintiff's naturalization application in good faith.

For the foregoing reasons, the defendants' motion to dismiss is GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: JAN 0 6 2005

2